Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210624-168064
DATE: July 14, 2021

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

The Veteran's service-connected disabilities preclude him from securing or following substantially gainful employment. 

CONCLUSION OF LAW

The criteria for entitlement to a TDIU have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.16 (a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army from March 1957 to March 1959. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 21, 2021, rating decision of the Department of Veterans Affairs (VA) regional office (RO) which, in pertinent part, denied the Veteran's claim of entitlement to a TDIU. The Veteran subsequently appealed, choosing the Direct Review lane. Under the Direct Review lane, the Board's review is limited to the evidence of record at the time the RO issued its decision on June 21, 2021.

Entitlement to a TDIU due to service-connected disabilities.

The Veteran seeks entitlement to a TDIU, as he contends that he is unemployable due to his service-connected disabilities.

In terms of total disability ratings, if the schedular rating is less than total, a total disability evaluation can be assigned based on individual unemployability if the veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that the veteran has one service- connected disability rated at 60 percent or higher; or two or more service-connected disabilities, with one disability rated at 40 percent or higher and the combined rating is 70 percent or higher. Marginal employment shall not be considered substantially gainful employment. 38 U.S.C. § 1155; 38 C.F.R. § 4.16 (a).

Pursuant to 38 C.F.R. § 4.16 (b), when a claimant is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, but fails to meet the percentage requirements for eligibility for a total rating set forth in 38 C.F.R. § 4.16 (a), such case shall be submitted for extraschedular consideration.

A review of the record shows the Veteran is service connected for bilateral hearing loss, evaluated as 60 percent disabling, and tinnitus, evaluated as 10 percent disabling. 

Therefore, the minimum schedular criteria for a TDIU has been met.

In determining whether a veteran can secure and follow a substantially gainful occupation, attention must be given to: (1) the veteran's history, education, skill, and training; (2) whether the veteran has the physical ability (both exertional and nonexertional) to perform the type of activities (e.g., sedentary, light, medium, heavy, or very heavy) required by the occupation at issue. Factors that may be relevant include, but are not limited to, the veteran's limitations, if any, concerning lifting, bending, sitting, standing, walking, climbing, grasping, typing, and reaching, as well as auditory and visual limitations; and whether the veteran has the mental ability to perform the activities required by the occupation at issue. Additional factors that may be relevant include, but are not limited to, the veteran's limitations, if any, concerning memory, concentration, ability to adapt to change, handle workplace stress, get along with coworkers, and demonstrate reliability and productivity. See Ray v. Wilkie, 31 Vet. App. 58, 73 (2019). 

The question before the Board is whether the Veteran is unemployable by reason of his service-connected disability, taking into account his educational and occupational background. Resolving reasonable doubt in the Veteran's favor, the Board finds the Veteran is unable to secure and follow a substantially gainful occupation by reason of his service-connected disability.

In the June 2021 rating decision, the AOJ made a favorable finding that the Veteran is not working and reported not having worked since April 16, 2020. A review of the Veteran's Application for Increased Compensation Based on Unemployability showed the date of April 16, 2020, as the date the Veteran become too disabled to work. Furthermore, August 6, 1971, was noted as the date the Veteran last worked full-time. The evidence shows the Veteran last worked as a trucker with heavy equipment. 

In March 2021, the Veteran provided an opinion from his private physician C.G., a Doctor of Audiology (Au.D.). The physician opined that the Veteran's hearing loss and tinnitus render him unemployable, as the Veteran needs to avoid working in any environment in which there is noise. Working in such an environment may exacerbate his hearing loss. Furthermore, these limitations would prevent verbal communication face-to-face and by telephone. The Veteran's condition would pose a significant safety risk in any job setting involving transportation/driving or being around heavy or moving machinery. Lastly, the Veteran's service-connected hearing loss would significantly impair his employability in most assignments, with or without adaptation. 

An April 2021 VA examination noted that the Veteran's hearing loss and tinnitus impacted his ability to work. It was noted that the Veteran has difficulty hearing most things in his environment and that his tinnitus bothers the Veteran at night when it is quiet around him. 

Considering the impact of his physical disabilities, and affording the Veteran the benefit of the doubt, the Board finds that the evidence of record supports that the Veteran is precluded from engaging in substantially gainful employment as a result of his service-connected disabilities. Symptoms of the Veteran's service-connected hearing loss would significantly impair his ability to work in heavy machinery and transportation.

Accordingly, the Veteran meets the criteria for an award of TDIU. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102. The RO will assign an effective date for the TDIU award when it effectuates this decision. 

 

 

John J. Crowley

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Laura Cochran, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.